# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:16-cv-232-RJC
## (3:05-cr-74-RJC-CH-1)

|                              |   |                    |
|------------------------------|---|--------------------|
| **MARION COX,**              | ) |                    |
|                              | ) |                    |
| **Petitioner,**              | ) |                    |
|                              | ) |                    |
| vs.                          | ) | **ORDER**          |
|                              | ) |                    |
| **UNITED STATES OF AMERICA,**| ) |                    |
|                              | ) |                    |
|                              | ) |                    |
| **Respondent.**              | ) |                    |
|                              | ) |                    |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, pursuant to 28 U.S.C. § 2255, (Doc. No. 1), and on the Government's Response in Support, (Doc. No. 4).[1] Petitioner is represented by Joshua Carpenter of the Federal Defenders of Western North Carolina. For the reasons that follow, the motion to vacate will be granted.

## I.  BACKGROUND

On August 11, 2005, Petitioner Marion Cox was convicted after a jury trial of one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). (Crim. Case No. 3:05-cr-74-RJC, Doc. No. 18: Jury Verdict). That offense generally carries a maximum term of ten years. See 18 U.S.C. § 922(g); 18 U.S.C. § 924(a)(2). The Armed Career Criminal Act ("ACCA"), however, mandates a 15-year minimum sentence—and a maximum of life in prison—for a felon who has "three previous convictions … for a violent felony or for a serious drug offense." 18 U.S.C. § 924(e)(1). The presentence report found that Petitioner had three

---

[1] This is a successive petition, but on May 11, 2016, the Fourth Circuit Court of Appeals granted Petitioner authorization to file this petition in order to bring his Johnson claim. See (No. 15-331, Doc. No. 14 (4th Cir.)).

qualifying prior convictions that triggered the ACCA enhancement.  See (Id., Doc. No. 52 at 22:

PSR).  The presentence report identified the following three North Carolina convictions as

ACCA predicates: (1) breaking or entering; (2) voluntary manslaughter; and (3) and felonious

escape.  (Id.).  On February 27, 2006, this Court sentenced Petitioner to 262 months in prison,

plus five years of supervised release.  See (Id., Doc. No. 31: Judgment).  Petitioner objected to

the ACCA designation at sentencing, but the Court overruled his objection.  (Id., Doc. No. 37 at

10-11: Sentencing Tr.).

On May 11, 2016, Petitioner filed the instant motion to vacate, arguing that he was

sentenced as an armed career criminal in violation of the Supreme Court's decision in Johnson v.

United States, 135 S. Ct. 2551 (2015).  Specifically, Petitioner contends that his prior conviction

for felonious escape no longer qualifies as a "violent felony" in light of Johnson.  Petitioner

contends that he therefore no longer has three predicate convictions supporting his classification

as an armed career criminal.  The Government has filed a response, in which the Government

agrees that, in light of Johnson, Petitioner no longer has three predicate convictions supporting

his classification as an armed career criminal, and the Government further states that it is

waiving any procedural defenses.

## II.    STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to

promptly examine motions to vacate, along with "any attached exhibits and the record of prior

proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the

claims set forth therein.  After examining the record in this matter, the Court finds that the

argument presented by Petitioner can be resolved without an evidentiary hearing based on the

record and governing case law.  See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.    DISCUSSION

As noted, the ACCA provides for a mandatory-minimum term of 15 years in prison for any defendant who violates 18 U.S.C. § 922(g) and who has three previous convictions for a "violent felony" or a "serious drug offense."  18 U.S.C. § 924(e)(1).  "Violent felony" is defined to include "any crime punishable by imprisonment for a term exceeding one year" that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."  Id. § 924(e)(2)(B). In assessing whether a prior conviction qualifies as a violent felony for purposes of the ACCA, a sentencing court employs the categorical approach, comparing the elements of the statute forming the basis of the defendant's conviction with ACCA's definition of "violent felony."  See Descamps v. United States, 133 S. Ct. 2276, 2281 (2013).

In 2015, the Supreme Court held in Johnson that the provision defining "violent felony" to include a prior conviction for an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another," known as the "residual clause" of the ACCA's "violent felony" definition, is void for vagueness.  Johnson, 135 S. Ct. at 2556, 2558. The Supreme Court also held that the clause is void "in all its applications."  Id. at 2561.  The Court did not strike the remainder of the "violent felony" definition, including the four enumerated offenses and the "force clause" of § 924(e)(2)(B)(i).  Id. at 2563.

As a result of Johnson, a defendant who was sentenced to a statutory mandatory-minimum term based on a prior conviction that satisfies only the residual clause of the "violent felony" definition is entitled to relief from his sentence.  See United States v. Newbold, 791 F.3d 455, 460 (4th Cir. 2015) (holding that the improper imposition of an ACCA-enhanced sentence

is an error that is cognizable in a motion to vacate filed under 28 U.S.C. § 2255). Where, however, the prior convictions upon which his enhanced sentence is based qualify as violent felonies under the "force clause" or qualify as one of the four enumerated offenses, no relief is warranted. On April 18, 2016, the Supreme Court held in Welch v. United States, No. 15-6418, 2016 WL 1551144, at *11 (S. Ct. Apr. 18, 2016), that Johnson is retroactively applicable on collateral review to claims that the defendant was improperly sentenced as an armed career criminal.[2]

Petitioner contends that, in light of Johnson, he no longer has three prior convictions that qualify as a predicate offense under the ACCA. Petitioner argues that his 262-month sentence therefore exceeds the 10-year statutory maximum for a § 922(g) offense. See 18 U.S.C. § 924(a)(2) (setting a ten-year statutory maximum). Petitioner contends, furthermore, because he has already served more than 120 months, not counting good-time credits, this Court should impose a sentence of time-served and allow Petitioner's immediate release from prison.

In its response, the Government has conceded, and the Court agrees, that Petitioner's North Carolina conviction for felonious escape, see N.C. GEN. STAT. § 148-45(b), does not fall within the components of the definition of "violent felony" left intact by Johnson. That is, the Fourth Circuit held, in United States v. Hairston, 71 F.3d 115, 116 (4th Cir. 1995), that the North Carolina offense of felonious escape "does not have as an element . . . the use, attempted use, or threatened use of physical force against another" and that it "does not constitute one of the

---

[2] Petitioner contends, and the Government concedes, that Petitioner's § 2255 motion is timely because it was filed less than a year after the Supreme Court decided Johnson. See 28 U.S.C. § 2255(f)(3) (stating that a defendant may file a § 2255 motion within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review").

specifically named crimes in" the statute.  <u>Id.</u> at 117.  The <u>Hairston</u> court went on to hold that North Carolina's felonious escape offense satisfied only the now-invalid residual clause of the ACCA.  <u>Id.</u>  Accordingly, Petitioner is entitled to sentencing relief under <u>Johnson</u> because he no longer has three predicate felonies under the ACCA.  Furthermore, because Petitioner has served more than the 120-month statutory maximum for a non-ACCA, Section 922(g) offense, he is entitled to immediate release from custody.[3]  Finally, the Court notes that Petitioner was given a supervised release term of five years following his custodial sentence.  Because he no longer qualifies for an enhanced sentence under the ACCA, the appropriate term of supervised release for his Section 922(g) conviction is three years.  <u>See</u> <u>United States v. Geddie</u>, No. 15-4478, 2016 WL 1399535, at *2 (4th Cir. Apr. 11, 2016).  Therefore, Petitioner's term of supervised release is reduced to three years.

### IV.  CONCLUSION

For the reasons stated herein, the Court grants Petitioner's motion to vacate.

**IT IS, HEREBY, ORDERED that**:

(1)  Petitioner's Motion to Vacate, (Doc. No. 1), is **GRANTED**.

(2)  Inasmuch as Petitioner is entitled to sentencing relief under <u>Johnson</u>, and because he has served a sentence that exceeds the statutory maximum to which his conduct exposed him, he is entitled to immediate release from custody.  Petitioner is therefore **ORDERED** released from the custody of the United States Bureau of Prisons and/or the custody of the U.S. Marshals Service.  Petitioner's term of

---

[3]  Petitioner notes that he has been incarcerated since April 7, 2005.  <u>See</u> (Crim. Case No. 3:05-cr-74-RJC, Doc. No. 52 at 1).  Therefore, not counting good-time credit, he has already served 129 months as of May 11, 2016.  Furthermore, the Government states in its response brief that it does not oppose Petitioner's request for immediate release without an additional sentencing hearing.

supervised release shall remain in place, but it shall be reduced from five years to three years.

(3)     To allow the Bureau of Prisons/United States Marshal/Pretrial Service adequate time, such are allowed up to ten days to comply with this order.

(4)     The Clerk of Court shall certify copies of this Order to the U.S. Bureau of Prisons, U.S. Marshals Service, and the U.S. Probation and Pretrial Services Office.

Robert J. Conrad, Jr.
United States District Judge